UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

XZAIBIA LAVON WOOTEN,
    Plaintiff

vs.                                                        Case No.: 3:21cv416/MCR/EMT

TYLER MCCRANIE, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff Xzaibia Lavon Wooten (Wooten), an inmate of the Florida Department of Corrections (FDOC), is proceeding pro se and in forma pauperis in this civil rights action. Presently before the court is a Motion to Dismiss Official Capacity Claims filed by Defendants Bishop, Manners, and Simmons, seeking dismissal of Wooten's requests for monetary damages (ECF No. 33). Wooten file a response to the motion to dismiss (ECF No. 45).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b). Upon consideration of the pleadings and the parties' arguments, the undersigned concludes Defendants' motion to dismiss should be granted, and Wooten's official capacity claims for monetary damages against Defendants Bishop,

Simmons, and Manners dismissed. Additionally, Wooten's official capacity claims for monetary damages against Defendants McCranie, and Burns should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

I.   BACKGROUND

Wooten names six members of the security staff and medical staff at Santa Rosa Correctional Institution as Defendants:  Captain T. McCranie, Sergeant J. Bishop, Officer J. Simmons, Sergeant E. Manners, Sergeant Burns, and Nurse DeGroat (Compl. at 1–3, ECF No. 1).[1,2]   Wooten's complaint does not indicate the capacity in which he is suing Defendants, i.e., individual or official or both (*see id.*). Wooten asserts Defendants McCranie, Bishop, Simmons, Manners, and Burns (the FDOC Defendants) subjected him to excessive force on December 15, 2020, in violation of the Eighth Amendment (*id.* at 6–10).  Wooten claims Defendant Nurse DeGroat denied him medical treatment for the injuries he allegedly suffered as a result of the use of force (*id.*).  Wooten seeks an unspecified amount of compensatory and punitive damages for physical, mental, and emotional injuries (*id.* at 10).

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system.

[2] Defendant DeGroat is an employee of Centurion of Florida, LLC., a private entity under contract with the State of Florida to provide medical care to FDOC inmates (*see* ECF No. 23).

On November 30, 2021, Defendants Bishop, Manners, and Simmons filed a joint motion to dismiss seeking dismissal of Wooten's claims for monetary damages against them in their official capacities, on the ground that recovery is barred by the Eleventh Amendment (Defs.' Mot. to Dismiss, ECF No. 33).  On January 13, 2022, Wooten filed a response to Defendants' motion to dismiss, acknowledging he did not specify the capacity in which he is suing Defendants or the amount of monetary damages he seeks (Wooten's Resp. to Defs.' Mot. to Dismiss, ECF No. 45).  Wooten offers to clarify these matters in an amended complaint (*id.*).

II.   MOTION TO DISMISS STANDARD

Motions to dismiss for failure to state a claim are governed by Rule 12(b)(6). In applying that Rule, the allegations of the complaint are taken as true and are construed in the light most favorable to the non-moving party (here, Wooten).  *See Davis v. Monroe Cnt'y Bd. of Educ.,* 120 F.3d 1390, 1393 (11th Cir. 1997). Additionally, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citation omitted).  A claim

is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

The same standard applies when the court screens complaints filed by prisoners and plaintiffs proceeding in forma pauperis, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted).

## III.   DISCUSSION

The Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities. *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment bars Wooten's claims for monetary damages against the FDOC Defendants in their official capacities, to the extent Wooten sues them in that capacity. Therefore, the motion to dismiss filed by Defendants Bishop, Manners, and Simmons should be granted. Additionally, although Defendants McCranie and Burns did not join in the motion to dismiss (they had not been served with process when the other three FDOC Defendants filed the motion to dismiss), Wooten's claims for monetary damages against Defendants McCranie and Burns in their official capacities should be dismissed pursuant to §§ 1915(e)(2)(B)(iii) and 1915A(b)(2), which authorizes the court to dismiss claims

at any time if the court determines the complaint seeks monetary relief against a defendant who is immune from such relief.

Accordingly, it is respectfully **RECOMMENDED**:

That Defendants' Motion to Dismiss (ECF No. 33) be **GRANTED**, and Plaintiff's claims for monetary damages against Defendants Bishop, Simmons, Manners, McCranie, and Burns in their official capacities be **DISMISSED with prejudice**, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

At Pensacola, Florida this 21st day of March 2022.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections must be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**