IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

XZAIBIA LAVON WOOTEN,

     Plaintiff,

v.                              Case No. 3:21-cv-416/MCR/ZCB

CAPT. T. MCCRANIE, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case brought under 42 U.S.C. § 1983. Plaintiff has sued five corrections officers with the Florida Department of Corrections, as well as one nurse, Courtney DeGroat. Plaintiff claims the officers and Defendant DeGroat violated the Eighth Amendment—the officers by using excessive force and Defendant DeGroat by acting with deliberate indifference to a serious medical need. Currently before the Court is Defendant DeGroat's Motion for Summary Judgment. (Doc. 62).[1] The Court invited Plaintiff to respond to Defendant DeGroat's motion, but he has failed to do so. (Docs. 63, 68).[2] For the

---

[1] The corrections officers separately moved for summary judgment. (Doc. 69). Plaintiff responded in opposition to their motion. (Doc. 76). The Court recently recommended denying the corrections officers' motion, finding that there were genuine issues of material fact regarding whether the officers used excessive force against Plaintiff. (Doc. 77).

[2] Although Plaintiff failed to respond to Defendant DeGroat's motion for summary

reasons below, Defendant DeGroat's motion for summary judgment should be granted.

## I.    Background

Plaintiff was an inmate at Santa Rosa Correctional Institution (SRCI) on December 15, 2020.  (Doc. 1 at 6).  Between 10:30 a.m. and 11:00 a.m., a Forced Cell Extraction Team (FCET) comprised of the correctional officers named as Defendants (the FDOC Defendants) was ordered to remove Plaintiff from his cell. (*Id*.; Doc. 62-1 at 4).  Plaintiff claims that although he was compliant with the FDOC Defendants' orders, they used physical force against him.  (Doc. 1 at 7).  He alleges the physical force was excessive and included such things as being punched in the face, slammed to the ground, kneed, hit in the face with handcuff restraints, and having the fingers on his hand spread out in such a way that his hand was broken. (*Id*. at 7-9).

---

judgment and Local Rule 7.1(H) provides that the Court may "grant a motion by default" if the opposing party does not file an opposition, the Court will nonetheless consider Defendant DeGroat's motion on the merits.  *See Trustees of Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Emps. v. Wolf Crane Serv., Inc.*, 374 F.3d 1035, 1039 (11th Cir. 2004) (stating that a district court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion").  When a motion is unopposed, however, the Court is not required to "sua sponte review all of the evidentiary materials on file at the time the motion is granted."  *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave.*, 363 F.3d 1099, 1101-02 (11th Cir. 2004). Instead, the Court must "review all of the evidentiary materials submitted in support of the motion for summary judgment" to "ensure that the motion itself is supported by the evidentiary materials."  *Id*.

After the FDOC Defendants used force against him, Plaintiff was taken to medical for a post use of force examination. (Doc. 1 at 8; Doc. 62-1 at 7). Defendant DeGroat, a nurse working at SRCI,[3] performed the examination. (Doc. 62-1 at 7; Doc. 62-2 at 2). The purpose of a post use of force examination is to determine if the inmate is experiencing a medical emergency because of the use of force. (Doc. 62-2 at 2). If no emergency is present, then the inmate is directed to submit a sick call request for additional treatment and evaluation. (*Id.*) Plaintiff's medical records from the examination by Defendant DeGroat show that Plaintiff's vital signs were normal, he was alert, oriented, responsive, and his breathing was "even and unlabored." (Doc. 62-1 at 7). Plaintiff reported that his pain was a 1 out of 10. (*Id.*). Defendant DeGroat noted a "golf ball sized knot on [Plaintiff's] right eyebrow," but she found no other identifiable injuries. (*Id.* at 7-8).

There is no indication in the medical records that Defendant DeGroat observed any injuries or swelling on Plaintiff's hands nor is there any indication in the medical records that Plaintiff informed Defendant DeGroat of any such injury. (*Id.*). Plaintiff, however, claims that he did inform Defendant DeGroat of the injury to his hand. (Doc. 1 at 9). After conducting the post use of force exam, Defendant

---

[3] Defendant DeGroat was employed by Centurion of Florida, LLC, a private contractor that provides medical services to FDOC inmates. Although a private company, Centurion and its medical professionals are state actors for § 1983 purposes. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

DeGroat determined that Plaintiff did not require emergency medical attention. (Doc. 62-1 at 7; Doc. 62-2 at 3). She instructed Plaintiff that if any issues arose, he should follow up with medical as needed by submitting a sick call request. (*Id*.). In addition to the medical records, Defendant DeGroat has provided a sworn declaration. (Doc. 62-2). The declaration states that Defendant DeGroat "did not observe any finger or bone displacement, or any associated swelling" during the examination. (*Id*. at 2-3). Her declaration further states that based on her experience "swelling caused by broken metacarpal does not always appear immediately after an injury, and the onset of swelling may be delayed." (*Id*. at 3).

The medical records show that on December 18, 2020—three days after the use of force incident—Plaintiff was examined by another nurse after he complained that his left hand was swollen and bruised. (Doc. 62-1 at 9). That nurse gave Plaintiff some ibuprofen and informed one of the prison's physicians (Dr. Rodriguez) about Plaintiff's hand. (*Id*.). Dr. Rodriguez ordered an x-ray. (*Id*.). The x-ray showed that Plaintiff's left hand had a "fracture involving the distal 2nd metacarpal with modest displacement." (*Id*. at 10). The fracture was treated with a cast. (*Id*. at 11, 12, 15).

Plaintiff claims that Defendant DeGroat failed to accurately report his injuries in the post use of force examination records because Defendant McCranie—the supervising correctional officer—told her not to document the full extent of his

injuries. (Doc. 1 at 9). Plaintiff further claims that Defendant DeGroat stated "[Plaintiff] looks fine to me, isn't that what happens when you get your ass beat?" (*Id*.). According to Plaintiff's complaint, Defendant DeGroat's failure to diagnose and treat his injured hand during the post use of force examination violated the Eighth Amendment. (*Id*. at 10).

## II.    Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id*. at 248.

At bottom, the summary judgment question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. When answering that question, courts view the evidence in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). But the nonmoving party bears the burden of coming forward with sufficient evidence on each element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A mere "scintilla" of evidence is insufficient to meet that burden. *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th

Cir. 2004).  Likewise, speculation or conjecture cannot create a genuine issue of material fact.  *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).  At the summary judgment stage, the judge is "not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249.

## III.    Discussion

Plaintiff alleges that Defendant DeGroat violated the Eighth Amendment by acting with deliberate indifference to his serious medical need.  The basis for Plaintiff's claim is that Defendant DeGroat failed to diagnose and treat Plaintiff's broken hand during the post use of force examination.  In her motion, Defendant DeGroat argues that summary judgment is appropriate for three reasons: (1) the record fails to show that she was  subjectively aware of Plaintiff's injured hand when she conducted the post use of force exam; (2) Plaintiff has failed to demonstrate that any failure to appropriately treat Plaintiff's injured hand resulted from deliberate indifference as opposed to mere negligence;  and (3) Plaintiff failed to provide any medical evidence showing that any delay in receiving treatment exacerbated the injury to Plaintiff's hand.  (Doc. 62 at 9-15).

As previously mentioned, Defendant DeGroat has supported her motion with numerous documents, including the relevant medical records, as well as sworn declaration.  (Docs. 62-1, 62-2).  Because Plaintiff has not responded to Defendant

DeGroat's motion for summary judgment, the evidence submitted in support of her motion is treated as undisputed.[4] *See* Fed. R. Civ. P. 56(e)(2) (stating that if a party "fails to properly address another party's assertion of fact…the court may…consider the fact undisputed for purposes of the motion" for summary judgment); *see also Ministerios El Camino v. Scottsdale Ins. Co.*, 587 F. Supp. 3d 1194, 1202 (S.D. Fla. 2022) (treating the evidence submitted in support of the defendant's motion for summary judgment as "uncontroverted" because the plaintiff failed to oppose the motion for summary judgment).

The Eighth Amendment forbids the "inflict[ion]" of "cruel and unusual punishments." U.S. Const. amend. VIII.  The Supreme Court has held that it is "cruel and unusual punishment" for prison officials to act with "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). That means prison officials are obligated to provide prisoners with "minimally adequate medical care." *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991). The deliberate indifference standard is much higher than simple negligence or medical malpractice. *Id*. at 1505.

---

[4] The Court previously informed Plaintiff that this could happen if he failed to respond to Defendant DeGroat's motion for summary judgment.  (Doc. 63 at 3) ("Evidence filed by Defendant in support of the motion for summary judgment may be accepted as true by the court if Plaintiff does not file contrary evidence in the form of sworn affidavits or other materials in compliance with Rule 56.").

To prevail on a deliberate indifference claim, a plaintiff must satisfy two prongs—one objective, one subjective. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Satisfying the objective prong requires a plaintiff to show an "objectively serious medical need." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) (cleaned up). A medical need is objectively serious if it "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention—that, if left unattended, poses a substantial risk of serious harm." *Id.* (cleaned up). Once a serious medical need is established, a plaintiff must satisfy the subjective prong by showing that "the prison official acted with deliberate indifference to that need." *Ciccone v. Sapp*, 238 F. App'x 487, 489 (11th Cir. 2007) (internal quotations omitted). To make that showing, a plaintiff must prove "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; [and] (3) by conduct that is more than mere negligence." *Id.* (internal quotations omitted). The plaintiff's burden of establishing deliberate indifference is "steep." *Keohane*, 952 F.3d at 1266.

As for the objective prong, there is no dispute that Plaintiff's broken hand was an objectively serious medical need. Defendant DeGroat argues, however, that no reasonable jury could find that she was subjectively aware of a risk of serious harm,

disregarded that risk, and did so in a manner that was more than negligent.  The Court will consider each argument in turn.

Looking first to the subjective awareness of a risk of serious harm, there is insufficient evidence in the record for a reasonable jury to find Defendant DeGroat knew of and "disregard[ed] an excessive risk to [Plaintiff's] health or safety," *Farrow*, 320 F.3d at 1245, when she failed to diagnose and treat Plaintiff's hand injury during the post use of force examination.  The medical records from the post use of force examination make no mention of an injury to Plaintiff's hand.  And the notes show that Plaintiff denied being in any significant pain—he rated his pain a 1 out of 10.  (Doc. 62-1 at 7).  The notes further state that the only observable injury on Plaintiff's person was a "golf ball sized knot" above his right eye.  (*Id.*).

Defendant DeGroat has explained in her declaration that injuries like the one to Plaintiff's hand often do not produce immediate swelling or bruising.  (Doc. 62-2 at 3).  If an injury is unlikely to produce immediate swelling and bruising, then it would not have been unusual for a medical professional, such as Defendant DeGroat, not to recognize such an injury during a limited examination of the type conducted after a use of force.  Although Plaintiff alleges in the complaint that he told Defendant DeGroat about the injury to his hand, that statement finds no support in the medical records.  And the Eleventh Circuit has explained that "[s]elf-serving statements by a plaintiff do not create a question of fact in the face of contradictory,

contemporaneously created medical records." *Whitehead v. Burnside*, 403 F. App'x 401, 403 (11th Cir. 2010); *see also Newman v. Moses*, No. 5:16-cv-2, 2017 WL 4836508, at *8 (N.D. Fla. Apr. 20, 2017) (stating the plaintiff's allegation that he presented to medical with certain symptoms was "unsubstantiated and directly contradicted by the medical record so that no reasonable jury could believe Plaintiff's allegation"); *Davis v. Peasant*, No. 2:19-cv-156, 2021 WL 6331852, at *10 (M.D. Ala. Dec. 9, 2021) ("The law is settled that self serving statements by a plaintiff do not create a question of fact in the face of contradictory, contemporaneously created medical records.") (cleaned up); *Norwood v. Thomas*, No. 5:14-cv-430, 2016 WL 192062, at *7 (N.D. Ala. Jan. 15, 2016) ("There are many inconsistencies between plaintiff's allegations and his medical records, and this court will adopt the facts as set forth in the medical records where such inconsistencies exist.").

Even if Defendant DeGroat was informed by Plaintiff of the injury to his hand, there is nothing in the record to controvert the notation reflecting that Plaintiff rated his pain as 1 out of 10 and that there was no noticeable injury to his hand at the time of the post use of force examination. A hand injury that was not visually observed by Defendant DeGroat, that did not cause Plaintiff to be in noticeable distress, and that resulted in minimal pain at the time of the exam cannot be fairly characterized as posing an "excessive risk to [Plaintiff's] health or safety." *Farrow*, 320 F.3d at

1245. Thus, there is insufficient evidence from which a reasonable jury could conclude that Defendant DeGroat was subjectively aware of a risk of serious harm and disregarded it when evaluating Plaintiff during the post use of force exam.

Moreover, Defendant DeGroat advised Plaintiff that if he had any additional issues, he should put in a sick call request. And when Plaintiff did seek additional care by informing a nurse that his hand was swollen and bruised, he received medical attention and treatment. The fact that Plaintiff had swelling and bruising on his hand three days later is consistent with Defendant DeGroat's uncontroverted declaration that "swelling caused by broken metacarpal does not always appear immediately after an injury, and the onset of swelling may be delayed." (Doc. 62-2 at 3).

There is also insufficient evidence in the record to show that Defendant DeGroat's failure to diagnose and treat Plaintiff's hand injury on December 15, 2020, was the result of deliberate indifference. The deliberate indifference standard is much higher than simple negligence or medical malpractice. *Harris*, 941 F.2d at 1505. The Eighth Amendment does not require a prisoner's medical care to be "perfect, the best obtainable, or even very good." *Id*. at 1510 (cleaned up). Indeed, the deliberate indifference standard is only met if medical care is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id*. at 1505-06 (cleaned up). After all, it is "obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct

11

prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

The record does not support a finding that Defendant DeGroat's failure to diagnose and treat Plaintiff's hand injury was anything more than negligence. Although perhaps Defendant DeGroat should have diagnosed the hand injury and initiated treatment for it, her failure to do so appears to be, at most, medical malpractice and not deliberate indifference. In that respect, this case is similar to *Arceneaux v. Leger*, 251 F. App'x 876 (5th Cir. 2007). The plaintiff in *Arceneaux* claimed that his wrist was broken by corrections officers during a forced cell extraction. *Id.* at 877. He also claimed that the prison staff was deliberately indifferent because they failed to initially diagnose the wrist injury. *Id.* Affirming summary judgment for the defendants, the Fifth Circuit explained that the "fracture was not objectively obvious," and the "failure by the defendants to detect the fracture may constitute negligence or malpractice, but such conduct does not amount to a constitutional violation." *Id.*; *see also Martelus v. Hattaway*, No. 3:17-cv-242, 2018 WL 4495030, at *7-8 (N.D. Fla. Aug. 1, 2018) (stating that a nurse's "[f]ailure to detect a fracture" to the hand during a post use of force examination "may be negligence or malpractice, but it is not a constitutional violation").

The reasoning of *Arcenaux* is applicable here. Defendant DeGroat may have been negligent in failing to diagnose and treat Plaintiff's hand injury, but there is

insufficient evidence in the record for a reasonable jury to conclude that Defendant DeGroat's conduct was "so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Adams v. Poag*, 61 F.3d 1537, 1544 (11th Cir. 1995) (internal quotations omitted).   Although Defendant DeGroat's failure to diagnose the hand injury may have delayed Plaintiff's treatment, Plaintiff has failed to come forward with any evidence showing that the delay worsened the injury.   As the Eleventh Circuit has explained, "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Thomas v. City of Jacksonville*, 731 F. App'x 877, 881 (11th Cir. 2018) (internal quotations omitted); *see also McDaniels v. Lee*, 405 F. App'x 456, 458 (11th Cir. 2010) (explaining that "[t]o survive summary judgment, a plaintiff must show that the delay attributable to the defendant's indifference likely caused the plaintiff's injury").   Based on the information in the record, no reasonable jury could conclude that Defendant DeGroat's conduct was so egregious and wanton that it constituted deliberate indifference in violation of the Eighth Amendment.

13

## IV.   Conclusion

For the reasons above, the undersigned respectfully **RECOMMENDS** that

Defendant DeGroat's Motion for Summary Judgment (Doc. 62) be **GRANTED** and

that Defendant DeGroat be terminated as a party to this lawsuit.

At Pensacola, Florida this 12th day of January 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

14